UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ISAAC STEWART, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:13-cv-1299-TWP-DKL |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Isaac Stewart for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 13-06-0068. For the reasons explained in this Entry, Stewart's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On June 9, 2013, Correctional Officer Herrington wrote a report of conduct detailing the events relating to Stewart being charged with Class B offense #240/212, attempted assault. In the conduct report, Officer Herrington states that as "Stewart was leaving the chow hall" Officer Herrington asked Stewart "if he had an orange in his shirt." Stewart admitted that he did and Officer Herrington requested the orange. When Officer Herrington "went to take the orange, Offender Stewart pulled away and cursed" at the officer. Officer Herrington "requested the orange a second time. At that time, offender Stewart stated 'Fuck your orange!' and forcefully threw the orange" at the officer's lower body, "barely missing" him. Officer Chambers provided a witness statement corroborating the conduct report stating that Stewart "threw the orange at Officer Harrington (sic)."

Stewart was notified of the charge when he received the conduct report and the notice of disciplinary hearing. The charge was changed from an attempted assault class B offense #240/212 to a class A offense, attempted assault on staff #111/117. The screening report advised Stewart of his rights. He pled not guilty and he requested a lay advocate. Stewart requested statements from offenders Doss and Logsdon and those statements were obtained. Offender Doss testified in his statement that "[t]he officer grabbed off. Stewart by the arm & said give me the orange" and Stewart dropped the orange on the ground. Offender Doss also stated that "Stewart never tried to hit" the officer with the orange. Stewart "just simply dropped it on the ground." Offender Logsdon wrote that as Stewart was exiting the chow hall, the officer grabbed Stewart's arm. In response Stewart "said don't touch me n (sic) droped (sic) a[n] orange on the ground."

The hearing officer conducted a disciplinary hearing in CIC 13-06-0068 on June 14, 2013, and found Stewart guilty of class A attempted assault on staff. In making this

determination, the hearing officer considered the staff reports, Stewart's statement, and statements of other offenders. Stewart's statement was: "I was leaving the chow hall, I seen they were taking the oranges so I tucked it under my arm in my jumpsuit. He kept grabbing at my arm and I was trying to get the orange out. So I got the orange out and threw it on the ground. I was disorderly and I ran my mouth all the way over to seg[regation]."

The hearing officer imposed the following sanctions: a written reprimand, a 45 day loss of phone privileges, 120 days in disciplinary segregation, a 100 day deprivation of earned credit time, the imposition of a previously suspended credit class demotion from credit class 1 to credit class 2, and another credit class demotion to credit class 3. These sanctions were imposed because of the seriousness and nature of the offense, and the degree to which the violation disrupted/endangered the security of the facility.

Stewart appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

Stewart asserts the following claims: 1) the charge of attempted assault as defined by Indiana Department of Correction ("IDOC") policy was not supported by the evidence; 2) the offender witness statements supported a finding of not guilty and the officer's statements in the conduct report were not credible; 3) the charge was changed from class B to class A in retaliation; and 4) Stewart's rights to confront and cross-examine witnesses were denied in violation of IDOC policy.

Stewart's first and fourth claims are based on alleged violations of IDOC policy. Relief for these claims is not available in this action. Habeas corpus relief cannot be based upon a

violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Stewart's second claim asserts that the hearing officer did not properly weigh the evidence. In essence, Stewart argues that sufficient evidence did not support the finding of guilt. Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted).

Stewart was found guilty of attempted assault on staff. His contention that he should have been found not guilty because he did not cause serious bodily injury is misplaced. The attempted assault charge did not require bodily injury. Moreover, contrary to Stewart's contentions, the conduct report and staff witness statement support the finding that Stewart attempted to assault an officer. In addition, although the hearing officer reported that he considered the other offenders' statements that Stewart did not throw the orange at the officer, that consideration did

not require the hearing officer to find Stewart not guilty. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Some evidence supported the hearing officer's decision. Therefore, Stewart's claim based on insufficiency of the evidence fails.

Stewart's final claim is that he was placed in segregation after the incident occurred and that the reporting officer then changed the charge from a class B to a class A offense in retaliation because he was mad and felt disrespected. This claim fails to state a claim upon which relief can be granted. Stewart was notified of the class A attempted assault charge and Stewart was able to present his defense. He requested two witnesses, both of whom provided statements. Whether or not the officer was angry or felt disrespected has no bearing on whether Stewart's due process rights were violated.

Stewart was given notice of the charge and participated in the hearing. The hearing officer provided a written statement of the reasons for his findings and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Stewart's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Stewart's petition for a

writ of habeas corpus must be **denied.** The action shall be dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/20/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Isaac Stewart
200624
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel